IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MICHAEL SHANE STANFORD, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-14-0040 |
| | § | |
| U.S. DEPARTMENT OF JUSTICE - | § | |
| BUREAU OF ALCOHOL, | § | |
| FIREARMS AND EXPLOSIVES, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 12] filed by

Defendant U.S. Department of Justice - Bureau of Alcohol, Tobacco, Firearms and

Explosives ("ATF"), to which Plaintiff Michael Shane Stanford filed a Response

[Doc. # 13]. Having reviewed the full record and governing legal authorities, the

Court grants ATF's Motion to Dismiss, but will grant Plaintiff leave to amend.

## I.    BACKGROUND

Plaintiff alleges that ATF agents executed a search warrant on his home based

on false allegations by a former friend. Plaintiff alleges that the ATF agents left his

home "in extreme disarray." Plaintiff alleges that ATF Special Agent David R. Taylor

told him, "in a threatening and intimidating tone" that "Where there's smoke, there's

fire" and that he would "get to the bottom of this." *See* Original Complaint [Doc. # 1],

¶ 9.  Plaintiff sued ATF under 42 U.S.C. § 1983 and asserted a variety of state law claims.  Plaintiff seeks $1,000,000.00 in actual damages and $2,000,000.00 in exemplary damages.[1]

ATF filed a Motion to Dismiss, arguing that it is not a state actor for purposes of § 1983.  ATF argued also that it is entitled to sovereign immunity which has not been waived by the Federal Tort Claims Act ("FTCA"), and that amending the complaint to name the United States as the proper defendant would be futile because Plaintiff did not file an administrative claim as required by the FTCA.  Plaintiff filed a Response, and the Motion to Dismiss is now ripe for decision.

## II.    ANALYSIS

### A.    Section 1983 Claim

To state a claim under § 1983, Plaintiff must "(1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1935 (2014).  Section 1983 "'only provides redress for actions taken under color of state

---

[1]    "Generally, agencies of the United States cannot be held liable for punitive [or exemplary] damages absent Congressional authorization." *Olney Sav. & Loan Ass'n v. Trinity Banc Sav. Ass'n*, 885 F.2d 266, 273 (5th Cir. 1989) (citing *Missouri Pacific R.R. Co. v. Ault*, 256 U.S. 554, 563-64 (1921)).

law, while the actions complained of here were taken pursuant to federal law by federal agents." *See Zernial v. U.S.*, 714 F.2d 431, 435 (5th Cir. 1983). Conduct by federal agents taken under color of federal law cannot provide the basis for a claim under § 1983. *See id.*; *Broadway v. Block*, 694 F.2d 979, 981 (5th Cir. 1982). As a result, ATF is entitled to dismissal of Plaintiff's § 1983 claims.

It appears that Plaintiff may have intended to assert a claim against ATF Special Agent Taylor under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). A *Bivens* action applies to alleged constitutional violations by federal actors. *See Wyatt v. Cole*, 504 U.S. 158, 161 (1992); *Starks v. Hollier*, 295 F. App'x 664, 665 (5th Cir. Oct. 7, 2008). A *Bivens* claim cannot be brought against a federal agency and, instead, is available only against federal agents sued in their individual capacities.[2] *See FDIC v. Meyer*, 510 U.S. 471, 484-486 (1994); *see also Friddell v. Gatewood*, 141 F.3d 1163, \*1 (5th Cir. Apr. 7, 1998) (*Bivens* claim cannot be asserted against federal agency or against federal agent in his official capacity).

The Court will allow Plaintiff to file a First Amended Complaint to assert a *Bivens* claim, if he chooses. The First Amended Complaint must comply with the

---

[2]   A federal agent sued under *Bivens* is entitled to assert a qualified immunity defense, which "protects public officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hernandez v. U.S.*, 757 F.3d 249, 260 (5th Cir. 2014) (quoting *Brown v. Strain*, 663 F.3d 245, 249 (5th Cir. 2011)).

requirements of Rule 11 of the Federal Rules of Civil Procedure, must comply with federal pleading requirements, and must be filed no later than October 23, 2014.

### B.      Sovereign Immunity and the Federal Tort Claims Act

Plaintiff asserts claims against ATF for "Negligent Hiring, Training, Supervision, Retention and/or Disciplining of Employees," Unlawful Arrest and Detention, Assault and Battery, Trespass, "Intentional, Knowing or Reckless Bodily Injury," and Intentional Infliction of Emotional Distress.  As sovereign, the United States and its agencies are immune from suit except where the United States has expressly consented to be sued.  *See Saraw P'ship v. U.S.*, 67 F.3d 567, 569 (5th Cir. 1995).  The FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort." *Millbrook v. U.S.*, __ U.S. __, 133 S. Ct. 1441, 1443 (2013) (quoting *Levin v. United States*, ___ U.S. ___, 133 S. Ct. 1224, 1228 (2013)). Under the FTCA, federal district courts have exclusive jurisdiction over claims against the United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission" of a federal employee "acting within the scope of his office or employment." *See id.* (quoting 28 U.S.C. § 1346(b)(1)).  The United States, and not a federal agency, is the only proper defendant in an FTCA action. *Farmer v. La. Elec. & Fin. Crimes Task Force*, 553 F. App'x 386, 388-39 (5th

Cir. Jan. 16, 2014) (citing *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988)).  As

a result, ATF is entitled to dismissal because it is not the proper party.

An amendment to substitute the United States as the defendant would be futile

in this case because Plaintiff did not file an administrative claim with ATF prior to

filing this lawsuit.  Under the FTCA, a party may not sue the United States for

damages "unless the claimant shall have first presented the claim to the appropriate

Federal agency and his claim shall have been finally denied by the agency in writing"

or been left undecided for six months.  *See* 28 U.S.C. § 2675(a).  Plaintiff in this case

did not file an administrative claim and, as a result, any FTCA claim against the

United States would be barred.

## III.   <u>CONCLUSION AND ORDER</u>

ATF does not act under color of state law and, therefore, is entitled to dismissal

of Plaintiff's § 1983 claims.  ATF is entitled to dismissal of the remaining claims

because it is not a proper defendant for claims under the FTCA.  Substitution of the

United States as the proper FTCA defendant would be futile because Plaintiff did not

file an administrative claim.  As a result, ATF's Motion to Dismiss will be granted.

Because it appears that Plaintiff may intend to assert a *Bivens* claim against

ATF Special Agent Taylor, the Court will allow Plaintiff to file a First Amended

Complaint asserting a *Bivens* claim, if he can do so consistent with Rule 11 of the Federal Rules of Civil Procedure.  It is, therefore, hereby

ORDERED that ATF's Motion to Dismiss [Doc. # 12] is GRANTED and Plaintiff's claims against ATF are DISMISSED WITH PREJUDICE.  It is further

ORDERED that by October 23, 2014, Plaintiff may file a First Amended Complaint to assert a *Bivens* claim against ATF Special Agent David R. Taylor.  If no First Amended Complaint is filed by the October 23, 2014 deadline, the case will be dismissed with prejudice.  It is further

ORDERED that the initial pretrial conference is rescheduled to November 21, 2014, at 10:30 a.m. in Victoria, Texas.

SIGNED at Houston, Texas, this 11th day of September, 2014.

_____
Nancy F. Atlas
United States District Judge